**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Isola USA Corporation, ) | No. CV-08-1628-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Federal Insurance Company, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The court has before it plaintiff's motion for summary judgment (doc. 33), defendant's response and cross motion for summary judgment[1] (doc. 40), plaintiff's reply and response (doc. 47), and defendant's reply (doc. 51).

Isola USA Corporation ("Isola") discovered in 2006 that one of its employees had stolen money from the company and on February 20, 2007, it first notified defendant Federal Insurance Company ("Federal") of a possible claim under its employee dishonesty insurance policy. Isola alleges that on April 30, 2007, it submitted a formal proof of claim, including detailed backup documentation demonstrating that it had suffered a loss from employee theft

---

[1] Isola notes that Federal's cross motion for summary judgment was filed outside the dispositive motion deadline set by our Rule 16 scheduling order. Nevertheless, the cross motion is now fully briefed and in the interest of a full consideration of the issues, we accept the late-filed motion.

in the amount of $535,228.18. On June 24, 2008, Federal issued a check to Isola in the amount of $435,228.18.

The only issue before us is whether Federal owes interest under either A.R.S. § 44-1201(A) or A.R.S. § 20-462. Section 44-1201 is a general interest statute, allowing interest on "any loan, indebtedness, judgment or other obligation." The statute provides that interest "shall be at the rate of ten per cent per annum, unless a different rate is contracted for in writing." In contrast, A.R.S. § 20-462 is an interest statute relating specifically to insurance claims. It provides that "any first party claim not paid within thirty days after the receipt of an acceptable proof of loss by the insurer which contains all information necessary for claim adjudication shall be required to pay interest at the legal rate from the date the claim is received by the insurer." A.R.S. § 20-462(A). "The interest shall be calculated on the amount the insurer is legally obligated to pay." Id. Section 20-462(A) does not apply to "[c]laims denied in good faith within thirty days after receipt of acceptable proofs of loss." Id. § 20-462(C)(5).

The parties dispute which interest statute applies in the present case. Although Isola only sought interest under § 20-462 in its pre-litigation correspondence with Federal, DSOF ¶¶ 54, 56, it claimed entitlement to interest under both §§ 20-462 and 44-1201 in its complaint. Amended Complaint ¶ 17. In its motion for summary judgment, however, it claims entitlement to interest pursuant to § 44-1201 only.

It is well established that a "more recent, specific statute governs over the older, more general statute." In re Estate of Winn, 214 Ariz. 149, 152, 150 P.3d 236, 239 (2007); Desert Waters, Inc. v. Superior Court, 91 Ariz. 163, 171, 370 P.2d 652, 657 (1962) ("In so far as the provisions of a special statute are inconsistent with those of a general statute on the same subject, the special statute will control."). Here, § 20-462, enacted in 1986, specifically applies to first party insurance claims, while § 44-1201, enacted in 1913, refers to legal indebtedness in general. Under § 20-462(A), interest begins to accrue only if an insurer fails to pay an acceptable proof of loss within 30 days. Moreover, no interest is due if an insurer denies a claim in good faith within 30 days of an acceptable proof of loss. A.R.S. § 20-

462(C)(5). These specialized criteria do not exist in § 44-1201. Therefore, § 20-462 controls this first party insurance claim. Isola's motion for summary judgment on its § 44-1201 claim is denied.

Federal raises several objections to payment of interest under § 20-462. It first argues that a determination of a legal obligation (i.e., a final judgment) is a prerequisite for entitlement to interest under § 20-462.[2] But there is no such requirement in the statute. Instead, the statute provides that "interest shall be calculated on the amount the insurer is legally obligated to pay according to the terms of the insurance contract." A.R.S. § 20-462(A). The amount of the "legal obligation" can be determined by the parties through settlement, or by a court through litigation. Although Federal included standard reservation of rights language in its letter accompanying the payment to Isola, it did not expressly contest its liability. Rather, it conceded that "the facts relating to the discovery of loss have been reasonably verified." DSOF, exhibit KK. This statement, as well as its payment of $435,228.18, serves as evidence of a legal obligation as determined by the parties' agreed-upon interpretation of "the terms of the insurance contract." Rather than discouraging settlements, as Federal contends, our construction of § 20-462 encourages not only reasonable, but prompt, evaluation and settlement of an insured's claim.

Interest begins to accrue under § 20-462(A) "after the receipt of an acceptable proof of loss by the insurer which contains all information necessary for claim adjudication." Isola contends that it submitted a formal proof of claim on April 30, 2007, including detailed backup documentation demonstrating that it had suffered a loss from employee theft in the amount of $535,228.18. Isola's only support for this allegation is an affidavit by Troy Ruhrer stating that the backup documentation included "payroll sheets establishing Isola's exact losses and Excel spreadsheets summarizing this information in chart form" demonstrating that the employee had "received payment for these fraudulent time entries in

---

[2]Because we have already concluded that § 20-462 controls, we need not decide Federal's argument that a "determination of legal liability" is also a prerequisite under § 44-1201.

- 3 -

the amount of $535,228.18." PSOF, exhibit 1 ¶ 8. However, Isola did not attach the supporting documents to Mr. Ruhrer's affidavit. The affidavit, without the documents, is insufficient to establish that, as of April 30, 2007, it had provided all the information necessary for claim adjudication. See Fed. R. Evid. 1002 (to prove the content of a writing, "the original writing . . . is required"); Fed. R. Civ. P. 56(e)(1) ("If a paper . . . is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit.").

Moreover, Isola stated in its letter accompanying the April 30, 2007 proof of loss that its "investigation is still ongoing." DSOF, exhibit F. It later acknowledged on June 13, 2007, that "[p]ayroll is still collecting the additional payroll expenses related to the fraud." Defendant's Response to PSOF, exhibit 1. The record shows that Isola submitted these additional payroll records on September 4, 2007. DSOF, exhibit M. Finally, the April 30, 2007 submission contained a police report indicating that Isola first learned of the loss in May 2006, which, if true, would have precluded coverage under the policy. Therefore, based on the documents before us, as well as Isola's own admissions, we cannot conclude that the April 30, 2007 proof of claim "contain[ed] all information necessary for claim adjudication." Although Federal eventually paid the exact amount stated in the April 30, 2007 proof of claim (minus the $100,000 deductible), the record shows that as of April 30, 2007, neither party considered the proof of claim submission final.

Federal suggests that an acceptable proof of loss was submitted on September 4, 2007, when Isola delivered the last of its payroll records. At this point, Federal contends that the only remaining issue was the date Isola first discovered the loss. Under the terms of the policy, Isola was required to submit a proof of loss within six months of discovery of the loss. Isola's April 30, 2007 submission contained a police report indicating that Isola first discovered the loss in May 2006, although the loss was not reported until February 2007. After Isola submitted its final materials for the proof of loss on September 4, 2007, Federal contacted Isola regarding its concerns with the May 2006 date of discovery. Isola again confirmed on September 5, 2008, that the date of discovery was May 2006. DSOF, exhibits

O and P.[3] Based on this information, Federal concluded that Isola had not complied with the policy's 6-month notice provision, and therefore on September 26, 2007, it denied Isola's claim. Thus, Federal contends that its good faith denial of the claim within thirty days of receiving an acceptable proof of loss exempts it from paying interest pursuant to A.R.S. § 20-462(C)(5).

Isola does not dispute that Federal denied the claim in good faith based on the evidence it was provided. Instead, it continues to characterize its claim for interest under § 44-1201, and argues only that the good faith exception in § 20-462 does not apply. We have already resolved this issue against it. Accordingly, we accept Federal's argument that it denied Isola's claim in good faith within 30 days after receipt of an acceptable proof of claim. See Fed. R. Civ. P. 56(e)(2). Therefore, pursuant to § 20-462(C)(5), the interest provision of § 20-462(A) does not apply.

**IT IS ORDERED DENYING** Isola's motion for summary judgment (doc. 33), and **GRANTING** Federal's cross motion for summary judgment (doc. 40).

DATED this 19th day of October, 2009.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

---

[3] It was later determined that the police report submitted with the April 30, 2007 proof of loss incorrectly reported that the loss was discovered in May 2006. Isola's employee, Al Potter, then relied on that incorrect information in confirming that date of loss. Once the error was discovered, the police report was amended.

- 5 -